**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1018
_____

BRANDON MOODY,
                              Appellant

v.

JUDE CONROY, Assistant District Attorney for the Philadelphia District Attorney's
Office; JOHN VERRECHIO, Detective for the Philadelphia Police Department;
THOMAS GAUL, Detective for the Philadelphia Police Department,
individually and in their official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:10-cv-02525)
District Judge: Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 24, 2017

Before: SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed:  February 28, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Brandon Moody appeals pro se from the District Court's orders dismissing his complaint as time-barred and denying his motion for reconsideration of that dismissal. We grant Moody's motion to file a consolidated reply brief, and will vacate and remand for further proceedings in the District Court.

Moody's second amended complaint sets out the following allegations. Moody was detained pre-trial at the Curran Fromhold Correctional Facility on May 14, 2008, when correctional officers at the facility seized his mail and personal property, including privileged communications with his attorney. The officers represented at the time that they were seizing the property pursuant to a court order. Moody was present during the seizure and objected to the officers that no court order should include privileged communications or legal materials. Moody reluctantly complied, but immediately after the seizure he brought his concerns to the attention of a lieutenant at the prison, requesting a copy of the purported court order and a confiscation receipt. Moody never received a copy of any court order or subpoena.

On May 19 and 20, 2008, the state trial court held hearings prior to Moody's criminal trial that provided additional information about the seizure. Moody alleged that he was not present at either hearing, although transcripts filed with his complaint indicate that he was present on May 20. Detectives John Verrechio and Thomas Gaul had apparently requested the seizure of Moody's papers. Verrechio collected the seized materials from the prison lieutenant and gave them to Assistant District Attorney Jude Conroy, who was prosecuting Moody in his criminal case. No subpoena justifying the seizure was produced at either hearing.

2

None of Moody's legal materials were returned until after the trial, and the materials that were returned at that time were incomplete. Moody was convicted on May 23, 2008, and remains incarcerated.

About two years later, Moody brought a pro se federal civil rights suit against Verrechio, Gual, and Conroy. Moody prepared an in forma pauperis application and complaint that were signed on May 19, 2010. Compl., D. Ct. Doc. No. 10, at 13. He included a certificate of service that invoked the prison mailbox rule and was signed on May 20, 2010. Compl., D. Ct. Doc. No. 10-2, at 47. Moody represented that he gave the documents to prison officials for copying on May 19 or May 20, 2010, and for mailing on May 21, 2010. Mot. for Recons., D. Ct. Doc. No. 67, at 14, 20-21. The prison charged Moody for postage on May 21. Mot. for Recons., D. Ct. Doc. No. 67, at 21. The filing was then stamped as filed and docketed in the District Court on May 24, 2010.

Eventually, the District Court appointed counsel to represent Moody. Counsel filed a second amended complaint, in which Moody alleged that Conroy, Verrechio, and Gaul had ordered the seizure in violation of his First, Fourth, Sixth, and Fourteenth Amendment constitutional rights. Moody also alleged that the defendants' actions amounted to a civil conspiracy to deprive him of constitutional protections, malicious abuse of process, and a civil conspiracy to commit malicious abuse of process.

The defendants filed motions to dismiss on multiple grounds, including that the two-year statute of limitations had passed before Moody filed suit. The District Court granted the motions on statute of limitations grounds, finding that Moody had filed his complaint on May 24, 2010. Although the District Court did not reach the merits of the

3

complaint itself, it observed that, "[t]hough the law requires dismissal of Plaintiff's claims, the allegations in the Second Amended Complaint are troubling. The Court urges the proper entities to investigate and, if necessary, discipline any individuals who acted improperly in seizing Moody's materials." Mem., Oct. 30, 2015, D. Ct. Doc. No. 5, at 5 n.1. Moody then filed a pro se motion for reconsideration in which he argued that the prison mailbox rule should apply to his filings, but the District Court denied the motion without discussion. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). When considering a motion to dismiss, we construe a pro se plaintiff's pleadings liberally. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). We review a district court's order denying a motion for reconsideration for an abuse of discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). "The scope of a motion for reconsideration . . . is extremely limited[,]" and should "be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).[1]

---

[1] The Appellees contend that we do not have jurisdiction to consider the underlying dismissal decision because Moody did not file a separate notice of appeal from that order, and then filed an untimely motion for reconsideration. Moody's motion for reconsideration, however, was timely filed for the reasons set out in his briefs on appeal.

First, we consider the applicable statute of limitations. Here, Pennsylvania's two-year personal injury statute of limitations applies to Moody's § 1983 action. See Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

Second, we consider when Moody's cause of action accrued. Federal law governs the accrual of a § 1983 claim, which occurs when a litigant knows or has reason to know of the injury that is the basis of the action. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). In other words, "[a]ccrual is the occurrence of damages caused by a wrongful act—when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (internal quotation marks and citations omitted). "'[T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable.'" Wallace v. Kato, 549 U.S. 384, 391 (2007) (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-27 (1991)); see also Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 860-61 (3d Cir. 2014) (concluding that the cause of action accrued when there was awareness of the search and seizure, not knowledge of the illegality of it). Here, Moody alleged that he was present at the seizure and objected that it encompassed privileged materials. Consequently, the cause of action accrued on May 14, 2008.

Third, we consider whether the statute of limitations should be equitably tolled to commence on a later date. As the District Court correctly observed, when a defendant intentionally misinforms or conceals information from a plaintiff, Pennsylvania's

5

equitable estoppel doctrine can toll the statute of limitations. See Lake v. Arnold, 232 F.3d 360, 367-68 (3d Cir. 2000). We agree with the District Court's conclusion that the statute of limitations could have been tolled until May 20, 2010, at the latest. At a pre-trial hearing on that date that Moody attended, the defendants' role in the seizure was revealed, additional information about what the defendants did with the legal documents came to light, and no valid court order or subpoena was produced to justify the seizure.

In particular, Moody alleged that during the seizure a prison official stated that he had "orders to take everything, which includes legal documents" while "wa[]ving an un-identifiable document." Second Am. Compl., D. Ct. Doc. No. 48, ¶ 12. Moody alleged that the document was, in fact, forged and intended to deceive him, and as factual support for that allegation he pleaded that no court order or subpoena was ever provided. Second Am. Compl., D. Ct. Doc. No. 48, ¶ 14. At the pre-trial hearing on May 20, 2008, Verrechio admitted that he reviewed Moody's seized legal materials even though legal materials were not usually removed from a prisoner's cell during a search. Second Am. Compl., D. Ct. Doc. No. 48, ¶ 27. Furthermore, neither Conroy nor Verrechio could produce a copy of the purported subpoena at the May 20, 2008 hearing. Second Am. Compl., D. Ct. Doc. No. 48, ¶ 30.

Considering these allegations in the light most favorable to Moody, as we must, we agree with the District Court that Moody pleaded sufficient facts to allege that the defendants actively misled him concerning the facts underlying his cause of action until those facts were revealed on May 20, 2008. True, Moody had knowledge of the injury on May 14, 2008, but the defendants' actions—at least as Moody has alleged—tended to

6

dispel suspicions about the illegality of the seizure that Moody might have held while it was occurring. At the motion to dismiss stage, construing all inferences in Moody's favor, that is sufficient to invoke the equitable tolling doctrine. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391-92 (3d Cir. 1994).

Fourth, we consider whether Moody filed his complaint within the applicable statute of limitations. The District Court concluded that Moody's complaint should be considered filed as of May 24, 2010. Under the prison mailbox rule, however, a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Pabon v. Superintendent S.C.I. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011). The District Court did not consider that doctrine, or make note of Moody's certificate of service dated May 20, 2010—which was attached to Moody's initial complaint—even after Moody raised the prison mailbox rule in his reconsideration motion.

Considering in particular the May 20, 2010 certificate of service, in conjunction with the additional information that Moody included with his motion for reconsideration, we conclude that Moody's appeal may have been timely filed under the prison mailbox rule. Consequently, we will vacate the judgment and remand for the District Court to make that determination in the first instance, and to conduct any further proceedings consistent with this opinion.

7