**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2333
_____

BRANDON MOODY,
                    Appellant

v.

JUDE CONROY, Assistant District Attorney for the Philadelphia District Attorney's
Office; JOHN VERRECHIO, Detective for the Philadelphia Police Department;
THOMAS GAUL, Detective for the Philadelphia Police Department, Individually and in
their Official Capacities

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania_
(D.C. Civil Action No. 2:10-cv-02525)
District Judge:  Honorable Berle M. Schiller

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 20, 2018
Before: JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed January 28, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Brandon Moody, a state prisoner, appeals pro se from the District Court's order granting the defendants' motions to dismiss his civil rights action based on the statute of limitations. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

On May 14, 2008, while Moody was confined as a pre-trial detainee at the Curran Fromhold Correctional Facility ("CFCF"), correctional officers seized his mail and personal property, including communications with his attorney. At a pre-trial hearing on May 20, 2008, Moody learned that the correctional officers had seized the material at the request of two detectives, and that the documents had been given to the prosecutor in Moody's criminal case. Although one of the detectives testified that he ordered the seizure pursuant to a subpoena, no such subpoena was produced at the hearing. Moody's legal materials were not returned until after the trial, and the materials that were returned were incomplete. Moody was convicted at trial and he remains incarcerated.

In May 2010, Moody initiated an action under 42 U.S.C. § 1983, alleging that the seizure of his documents without a subpoena violated his constitutional rights. Moody's in forma pauperis (IFP) application and complaint were signed on May 19, 2010, the certificate of service accompanying the complaint was signed on May 20, 2010, and the matter was docketed in the District Court on May 24, 2010. The District Court appointed counsel for Moody. The defendants filed motions to dismiss, arguing, inter alia, that Moody's claims were time-barred under Pennsylvania's two-year statute of limitations.

2

See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (stating that Pennsylvania's two-year statute of limitations applies to § 1983 actions). The District Court granted those motions, holding that "equitable estoppel … toll[ed] the statute of limitations until May 20, 2008," the date on which Moody knew or should have known, by virtue of his attendance at the pretrial hearing, that seizure of his documents was not authorized by a subpoena. Because Moody initiated the action on May 24, 2010, the District Court concluded that it was filed outside the statute of limitations. The District Court later denied Moody's motion for reconsideration. Moody appealed.

We stated that the statute of limitations was equitably tolled until May 20, 2008, but held that the District Court improperly failed consider the prison mailbox rule when it concluded that Moody's action was filed on May 24, 2010. Accordingly, we vacated and remanded the matter to the District Court. Moody v. Conroy, 680 F. App'x 140, 144 (3d Cir. 2017). On remand, the defendants filed supplemental briefs in support of their motions to dismiss, arguing that, even with application of the prison mailbox rule, Moody's action was untimely because he admitted that he submitted his IFP application and complaint to prison authorities for mailing on May 21, 2010. The District Court again granted the motions to dismiss, holding that Moody's action was untimely because he commenced it one day after the statute of limitations expired. After successfully moving to reopen the time to appeal, Moody appealed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to grant a motion to dismiss on statute of limitations

3

grounds.  See Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181 (3d Cir. 1997).  "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them."  McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted).

The statute of limitations in this case "could have been tolled until May 20, 2010, at the latest."  Moody, 680 F. App'x at 143.  Therefore, to be timely under Pennsylvania's two-year statute of limitations, Moody had to initiate his action on or before May 20, 2010.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1389 (3d Cir. 1994) ("where the plaintiff has been actively misled …, the equitable tolling doctrine provides the plaintiff with the full statutory limitations period, starting from the date the facts supporting the plaintiff's cause of action either become apparent to the plaintiff or should have become apparent to a person in the plaintiff's position with a reasonably prudent regard for his or her rights.").  Under the Federal Rules of Civil Procedure, a pleading is filed when it is delivered to a clerk or to a judge who agrees to accept it for filing.  See Fed. R. Civ. P. 5(d)(2).  But, under "[t]he federal 'prisoner mailbox rule[,]' … a document is deemed filed on the date it is given to prison officials for mailing."  Pabon v. Mahanoy, 654 F.3d 385, 391 n. 8 (3d Cir. 2011) (citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)).

Moody argues that, under the prison mailbox rule, his action should be deemed filed on May 19, 2010, the date he signed the IFP application and complaint.  We

4

disagree.[1]  In the absence of evidence to the contrary, courts may conclude that an inmate places a filing in the hands of prison authorities for mailing on the date that it is signed. See, e.g., Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (assuming, "[a]bsent evidence to the contrary, ... that a prisoner delivered a filing to prison authorities on the date that he signed it.").  Here, however, the record establishes that Moody submitted his IFP application and complaint to prison authorities two days after he signed those documents.

Most significantly, Moody himself acknowledged that he handed his IFP application and complaint to prison authorities for mailing on May 21, 2010.  See Mot. for Recons., D. Ct. Doc. No. 67, at 14 (stating that "he handed the documents over to be mailed which was documented as of May 21, 2010"); Decl. Verifying Prison Legal Filing Process, D. Ct. Doc. No. 81, at 3 (explaining that "I then sealed [the documents] in multiple manila envelopes to be mailed and had to wait until the next morning, May 21, 2010, to complete the mailing process of filling out a 'cash slip' in place of the 'postage form,' which I handed over to the prison officials to be deposited.").  That assertion is confirmed by two documents that Moody provided.  The first, a handwritten cash slip form dated May 21, 2010, requests that prison officials "deduct the required funds" necessary to mail 10 envelopes.  The second document, an inmate account statement, lists

_____

[1] We also reject Moody's assertion that his action should be deemed filed on May, 20, 2010, the date that he submitted his IFP application and complaint to a "librarian designee" for photocopying.  See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir.

two deductions for postage on May 21, 2010. Under these circumstances, we conclude that, under the prison mailbox rule, Moody's action was filed on May 21, 2010, one day beyond the applicable statute of limitations.

For the foregoing reasons, we will affirm the District Court's judgment.

1999) (per curiam) ("This Court declines to extend the mailbox rule to a photocopying rule.").