[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14300
Non-Argument Calendar
_____

D.C. Docket Nos. 8:15-cv-02634-EAK-MAP,
8:13-cr-00483-EAK-MAP-1

EDWALDO LOUIS OLIVEIRI,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 4, 2018)

Before JULIE CARNES, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

    Edwaldo Louis Oliveiri, proceeding *pro se*, appeals from the district court's

denial of his 28 U.S.C. § 2255 motion to vacate his sentences and subsequent

motion for reconsideration.  We granted a certificate of appealability ("COA") as to "[w]hether the district court erred when it failed to consider Oliveiri's constitutional claim, raised in his reply to the government's response, alleging that counsel was ineffective for failing to object that the sentencing court incorrectly applied a U.S.S.G. § 2B1.1(b)(11)(C)(i) enhancement because he was separately convicted of aggravated identity theft."

In § 2255 proceedings, we review legal issues *de novo* and factual findings for clear error.  *Jeffries v. United States*, 748 F.3d 1310, 1313 (11th Cir. 2014).  The denial of a motion for reconsideration is reviewed for an abuse of discretion.  *Id.*  Our review is limited to the issues specified in the COA.  *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998).

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  District courts must resolve all claims for relief raised in a § 2255 motion or petition for writ of habeas corpus, regardless of whether relief is granted or denied.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992); *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (expressly extending the requirement to resolve all claims for relief to § 2255 motions).  A claim for relief is any allegation of a constitutional violation.

*Clisby*, 960 F.2d at 936.  A habeas petitioner must present a claim in clear and simple language such that the district court will not misunderstand it.  *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013).

Contrary to Oliveiri's assertions, the district court did not violate *Clisby* by failing to address his claim that his counsel was ineffective for failing to object to the sentencing court's U.S.S.G. § 2B1.1(b)(11)(C)(i) enhancement.  Oliveiri did not present this claim in his § 2255 motion, but rather raised it for the first time in his reply to the government's response.  By doing so, he waived the claim.  *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n. 11 (11th Cir. 2009) ("Because they raised this argument for the first time in their reply brief, we treat this argument as waived."); *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.").  Although *Clisby* requires a district court to resolve every claim properly presented in a § 2255 motion, it does not require the court to address a claim that a movant waives by failing to raise it until his reply brief.

Moreover, even assuming the district court should have construed Oliveiri's reply as a request for leave to amend his § 2255 motion to add a claim regarding the § 2B1.1(b)(11)(C)(i) enhancement, granting leave to amend would have been futile because the new claim was untimely and did not "relate back" to the two

3

claims that he initially (and timely) presented in his § 2255 motion. A § 2255 motion must be filed within one year of the latest of several events, including (as relevant here) the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). A claim asserted after the one-year period cannot be revived simply because it arises out of the same trial, conviction, or sentence as a timely-filed claim. *Mayle v. Felix*, 545 U.S. 644, 662 (2005). A new claim only relates back to prior claims if they are "tied to a common core of operative facts." *Id.* at 664. The untimely claim, that is, "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Here, Oliveiri had until November 10, 2015, to file his § 2255 motion. Although he filed his initial motion before the deadline, he did not file his reply—which included the new claim regarding the § 2B1.1(b)(11)(C)(i) enhancement—until March 23, 2016. The new claim did not relate back to Oliveiri's two timely-filed initial claims because, although all three claims arose from the same sentencing proceedings, they were not tied to the same core of operative facts. *See Mayle*, 545 U.S. at 662–64.

* * *

4

For the foregoing reasons, we hold that the district court did not violate *Clisby* by failing to address Oliveiri's ineffective-assistance-of-counsel claim regarding the U.S.S.G. § 2B1.1(b)(11)(C)(i) enhancement.  Therefore, we affirm.

**AFFIRMED.**