[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11791

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTONIOUS G. LOCKHART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:17-cr-00001-LAG-CHW-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonious Lockhart, proceeding *pro se*, appeals from the district court's denial of his motion seeking credit for time served in a prior state sentence under 18 U.S.C. § 3585(b) and a modification of his sentence based on an alleged misapplication of U.S.S.G. § 5G1.3(b). The government, in its response brief, argues that Lockhart's appeal should be dismissed as untimely under Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

We treat post-judgment motions for a sentence reduction as a continuation of a criminal case. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam) (holding that an 18 U.S.C. "§ 3582(c)(2) motion is not a civil post-conviction action, but rather a continuation of the criminal case"). Federal Rule of Appellate Procedure 4(b) provides a 14-day period to file a notice of appeal in criminal cases. Fed. R. App. P. 4(b)(1)(A)(i). The 14-day deadline for filing a notice of appeal in criminal cases is a non-jurisdictional, claims-processing rule. *United States v. Lopez*, 562 F.3d 1309, 1311–13 (11th Cir. 2009). When the government asserts timeliness as an issue on appeal, we must apply the time limits of Rule 4(b). *Id.* at 1314.

We consider a *pro se* prisoner's filings as filed on the date that he delivers them to prison authorities for mailing. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).

Without evidence to the contrary, we assume that a prisoner provided his filing to prison officials on the date that he signed it. *Id.* The burden of proof is on the government to show that a filing was delivered to prison authorities for mailing on a date other than the date that the prisoner signed it. *Id.*

If necessary, the determination of the date that the prisoner delivered the filing to prison authorities is a factual question for the district court to resolve on remand. *Sanders v. United States*, 113 F.3d 184, 186 n.2 (11th Cir. 1997) (per curiam). In criminal cases, we customarily treat a late notice of appeal that is filed within 30 days during which an extension is permissible "as a motion for extension of time but a motion that properly should be decided by the district court." *United States v. Ward*, 696 F.2d 1315, 1317 (11th Cir. 1983); *see also* Fed. R. App. P. 4(b)(4) (providing that, upon a showing of excusable neglect or good cause, a district court may extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the original appeal period). In those cases, it is our practice "to remand to the district court for a determination whether excusable neglect justifies an extension" of the appeal period. *Ward*, 696 F.2d at 1317–18.

As an initial matter, the 14-day appeal period provided in Rule 4(b) applies to Lockhart's appeal because his motion for a reduction in sentence is an extension of the criminal case, not a civil post-conviction action. Therefore, Lockhart had until April 27, 2022, to file his notice of appeal, which was 14 days after the district court's order denying his motion was entered on the docket.

Here, the postmarked date of Lockhart's notice of appeal packet is May 19, 2022, well past the deadline to file his notice of appeal.  But as our case law states, the postmarked date will not necessarily govern if Lockhart signed his notice of appeal before the April 27 deadline.  Although Lockhart signed his notice of appeal, he did not date it.  As a result, we do not have a presumed date on which Lockhart delivered his notice of appeal to the prison authorities.  In his reply brief, Lockhart states, under penalty of perjury, that he gave the packet to prison officials on April 21, 2022.  But the envelope containing Lockhart's notice of appeal paperwork is postmarked with the date of May 19, 2022.  "This conflicting evidence creates a factual question to be decided in the first instance by the district court."  *Boatman v. Berreto*, 938 F.3d 1275, 1278 (11th Cir. 2019).

Thus, we **REMAND** to the district court to determine, as a factual matter, whether Lockhart's notice of appeal was timely.  Further, if the district court determines that Lockhart did not timely deliver the notice of appeal to prison authorities, it must also determine whether the delay was caused by either good cause or excusable neglect because the postmark date on the notice of appeal falls within the 30-day extension period that would have begun to run on April 27, 2022.

Following this limited remand, the record as supplemented will be returned for further consideration.  We defer ruling on the merits of Lockhart's appeal pending the limited remand.