[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11718

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER DAY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00354-SDM-JSS-1

————————————————

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Christopher Day traveled to Vietnam to sexually abuse children. After facing charges for his predatory conduct, Day pleaded guilty to two counts of traveling in foreign commerce with intent to engage in illicit sexual activity in violation of 18 U.S.C. § 2423(b) and two counts of attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). The district court accepted the plea. But, before sentencing, Day moved to withdraw his guilty plea. After a hearing, the district court denied the motion. The court then sentenced him to life imprisonment. This appeal followed.

Day challenges his convictions and sentence on several grounds. He argues the district court erred by accepting his guilty plea because his plea colloquy was insufficient. He argues that the district court abused its discretion by denying his motion to withdraw his plea. He also argues that he should have received a three-level reduction under the Sentencing Guidelines for accepting responsibility for his crimes. And he argues that the district court erred procedurally when imposing his sentence. After review, none of these arguments withstand scrutiny. Accordingly, we affirm.[1]

---

[1] Day's motion to supplement the record is **GRANTED**.

## I.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Buckles*, 843 F.2d 469, 474 (11th Cir. 1988). But our review of a district court's factual findings is for clear error. *See United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). Review for clear error means that we reverse only if "review of the entire record leaves us ʹwith the definite and firm conviction that a mistake has been committed.ʹ" *Id.* (quoting *United States v. Engelhard Corp.*, 126 F.3d 1302, 1305 (11th Cir. 1997)). Likewise, "we allot substantial deference to the factfinder . . . in reaching credibility determinations with respect to witness testimony." *Id.* (quoting *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1285-86 (11th Cir. 2000)). We reverse a credibility determination only if we are convinced that no reasonable factfinder would make the same determination. *Jeffries v. United States*, 748 F.3d 1310, 1313 (11th Cir. 2014).

"We review a district court's denial of an acceptance-of-responsibility adjustment under [U.S.S.G.] § 3E1.1 for clear error." *United States v. Tejas*, 868 F.3d 1242, 1247 (11th Cir. 2017). Because "[t]he district court is in a unique position to evaluate whether a defendant has accepted responsibility," the district court's "determination is entitled to great deference on review." *Id.* Thus, we will set aside the district court's determination only if "the facts in the record clearly establish that the defendant accepted responsibility." *Id.*

## II.

To start, we reject two of Day's arguments in this appeal because they rest on a flawed premise about 18 U.S.C. § 2423(b). Day says that he resided in Vietnam when he traveled there to molest children and has an "absolute defense" under Section 2423(b) because his travel to Vietnam was to return home. Day contends that the district court should have advised him of the relevance of his residency during his plea colloquy. And Day argues (1) the district court erred by accepting his plea because his plea colloquy was insufficient; and (2) the district court erred by denying his withdrawal motion because he did not knowingly and voluntarily enter his plea. Because Day's residency is not a defense to his convictions under Section 2423(b), we disagree.

Under the ordinary meaning of Section 2423(b), it is no defense that Day resided in Vietnam when he traveled there for the purpose of engaging in illicit sexual conduct. At the time of Day's offenses, Section 2423(b) provided that "a United States citizen . . . who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be [punished]." 18 U.S.C. § 2423(b) (version effective April 30, 2003, to Dec. 20, 2018). The word "travel" refers to the journey, not the destination. "Travel" means to make a trip, whether that is toward one's residence or away from one's residence. *E.g.*, *The Oxford English Dictionary* (2d ed. 1989).

The upshot is that an offense under Section 2423(b) "is complete as soon as one begins to travel with the intent to engage in a

sex act with a minor." *United States v. Pendleton*, 658 F.3d 299, 304 (3d Cir. 2011); *accord United States v. Glenn*, 839 F. App'x 376, 386 (11th Cir. 2020). By the time a defendant arrives in the place where he intends to engage in illicit sexual conduct, the offense under Section 2423(b) is complete. And so, the defendant's intent to remain in that place and reside there is no defense. Other comparable offenses, such as an offense under Section 2423(c), are not complete until the illicit sexual conduct occurs. *See United States v. Pepe*, 895 F.3d 679, 691 (9th Cir. 2018). This distinction explains why Congress amended Section 2423(c) to include one who "travels" and "engages in any illicit sexual conduct" *and* one who "resides . . . in a foreign country" and engages in that conduct. Violence Against Women Reauthorization Act of 2013, Pub. L. 113-4, 127 Stat. 142. But such an amendment to Section 2423(b) would be superfluous because the ordinary meaning of "travel[] in foreign commerce" already includes traveling to and from one's residence.

The plea colloquy establishes that Day correctly understood that he would be guilty of the offense as long as one of the reasons he traveled to Vietnam was to molest children, even if he were also returning to his place of residence. For example, when the court explained this count, Day asked whether "the purpose of engaging in illicit sexual conduct" had to be "the only purpose of the travel?" The court and the government explained that the law required that it be a purpose of the travel, not the sole purpose. Similarly, when the court asked Day: "Did you travel between 2014 and 2017 back and forth between the Middle District of Florida and Vietnam to engage in sex acts with the minor boys in exchange for money and

American merchandise?" Day asked whether the court was "asking [if] that was my sole purpose?" The court said "no." And Day then admitted to traveling for that purpose after communicating with minors in Vietnam about anticipated sex acts. We therefore reject Day's residency-based challenges to the sufficiency of his plea colloquy and the denial of his withdrawal motion.

Day's next argument is equally unavailing. Day contends the court erred by finding that he had the close assistance of counsel and thus denying his withdrawal motion. Federal Rule of Criminal Procedure 11 permits a defendant to withdraw a guilty plea after the district court accepts it if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). When ruling on a motion to withdraw a guilty plea, a district court first considers two things: (1) "whether close assistance of counsel was available" to the defendant, and (2) whether the defendant knowingly and voluntarily entered the plea. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). If a defendant establishes the absence of one of these criteria, a court then considers whether withdrawal would conserve judicial resources and the prejudice that withdrawal would cause the government. *Id.*; *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

The district court did not clearly err by finding that Day had the close assistance of counsel. Day complains he lacked the close assistance of counsel because he did not adequately understand that uncharged sexual abuse committed against other victims could be used to determine his sentence. On the contrary, Day's

counsel testified that she "explain[ed] to him at length . . . that the Judge would consider all of these other people, and all of these other events, and be allowed to think about them in the sentencing hearing, and consider them as part of this concept of relevant conduct." She also testified that she discussed with Day that he could receive a life sentence and that the possibility of a sentence of life imprisonment "was the driving factor of all the strategic choices that we made in the case." Counsel also testified that she estimated spending at least forty hours with Day while working on his case. The district court found her testimony credible. Moreover, at his plea colloquy, Day testified that he was satisfied with his representation, and that his lawyer did everything of her that he asked. There is a strong presumption that the statements Day made about his lawyer's representation during his plea colloquy are true. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). On this record, we cannot say the district court abused its discretion by denying Day's withdrawal motion.

Finally, Day argues the district court erred by not giving him a three-level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. Once more, we cannot say the district court erred.

Under Section 3E1.1, a defendant's total offense level decreases by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).

Section 3E1.1 allows for an additional one-level reduction if the defendant had an offense level of sixteen or more before the two-level reduction and accepted responsibility "by timely notifying authorities of his intention to enter a plea of guilty." *Id.* § 3E1.1(b). A guilty plea, however, does not guarantee a defendant an acceptance-of-responsibility reduction. *Id.* § 3E1.1 cmt. n.3.

The district court did not clearly err by denying Day a reduction under Section 3E1.1 because, after pleading guilty, Day stated he did not feel that he was guilty and minimized his harmful conduct during his sentencing hearing. In the plea withdrawal hearing, Day testified that he wanted to withdraw his plea because he "felt that [he] wasn't really guilty." Day also indicated that he pleaded guilty, not out of genuine remorse or acceptance of responsibility, but because he thought he might receive a shorter sentence. Moreover, at sentencing, Day spoke passively about his conduct and did not admit that he harmed the victims in the way the presentence investigation report described. He also suggested his victims might have lied to him about their ages. Given Day's unwillingness to take ownership of his actions, we cannot set aside the district court's determination that he did not sufficiently accept responsibility to receive a reduction under Section 3E1.1.

Because Day was not entitled to an acceptance-of-responsibility reduction, we need not address his contention that the district court erred procedurally in calculating his Sentencing Guidelines range by relying on other relevant conduct. Day acknowledges this contention hinges on his acceptance-of-responsibility argument.

Because Day would still have an offense level of 43—the maximum offense level—if we accepted his procedural argument, the consideration of relevant conduct, even if error, was harmless. *See United States v. Sanchez*, 30 F.4th 1063, 1076 (11th Cir. 2022).

## III.

For these reasons, Day's convictions and sentence are **AFFIRMED**.