[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12686
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-00311-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLANDOW JEFFRIES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 11, 2010)

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

Marlandow Jeffries was convicted for: possession of cocaine with intent to distribute, in violation of 21 U.S.C. 841(a)(1); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g); assaulting, resisting, or impeding a deputy United

States Marshal, in violation of 18 U.S.C. § 111; and brandishing a firearm during a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A)(i). The district court sentenced Jeffries as a career offender to a 360-month prison sentence.

Jeffries presents a single issue on this appeal: he contends that the district court erred by failing to give a jury instruction on "mere presence" and "mere association" because that was the defense theory of the case and there was an evidentiary foundation for such an instruction.

At the charge conference, Jeffries requested no instructions, and did not object to the instructions the court proposed to give. (R.9-124 at 230.) The court's instructions to the jury included the following:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession. A person who has direct physical control of something on or around his person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it. If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint. Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

2

(R.2-91 at 12-13.) The jury was told that the word "knowingly" meant "that the act charged in the indictment was done voluntarily and intentionally and not because of mistake or accident." (*Id.* at 20.)

The jury sent a question to the judge during deliberations asking: "Is knowing the gun is there, is that enough for knowingly possessed?" (R.10-125 at 242.) The judge referred the jury to the pages of the jury instructions that defined "possession" and "knowingly." (*Id.* at 243.) Neither party objected. (*Id.*) The jury was told that although the initial possession instruction was given after summarizing the law on possession of drugs and possession of firearms, the definition of "possession" applied to both charges. (*Id.* at 244.) The court told the jury to look over the definitions it had given, and cautioned jurors to consider the definitions in the context of the entire charge. (*Id.*)

Jeffries argues that the district court committed plain error by failing to sua sponte instruct the jury on the defense theory of the case. More specifically, Jeffries argues that the court should have instructed the jury regarding "mere presence" and "mere association" with respect to his presence at the crime scene and his proximity to guns and drugs found there because evidence presented at trial established an evidentiary foundation for this instruction. The standard of review is plain error. *United States v. Moore*, 525 F.3d 1033, 1048 (11th Cir. 2008). To establish plain

3

error, Jeffries' must demonstrate: (1) there is an error; (2) which is plain; (3) that seriously affects the substantial rights of the defendant; and (4) failure to correct the error would seriously affect the fairness of the judicial proceeding. *Id.* (citation omitted). We examine jury instructions to determine if, taken as a whole, the jury was sufficiently instructed to understand the issues and was not misled. *United States v. Fulford*, 267 F.3d 1241, 1245 (11th Cir. 2001) (citation omitted). "If the charge to the jury adequately and correctly covers the substance of the requested instruction, there is no reversible error." *United States v. Lively*, 803 F.2d 1124, 1128 (11th Cir. 1986). And, a jury is presumed to follow instructions. *United States v. Ramirez*, 426 F.3d 1344, 1352 (11th Cir. 2005) (citation omitted).

Under § 922(g), it is unlawful for a convicted felon to "possess . . . any firearm or ammunition." Section 841(a)(1) makes it unlawful to "knowingly or intentionally . . . possess with intent to manufacture, distribute, or dispense, a controlled substance." Mere presence in the area in which contraband is found, without more, is insufficient to establish unlawful possession. *United States v. Rackley*, 742 F.2d 1266, 1271 (11th Cir. 1984) (citation omitted). Constructive possession, however, is sufficient to support a conviction for unlawful possession of a firearm under § 922(g). *United States v. Pedro*, 999 F.2d 497, 500 (11th Cir. 1993) (citation omitted). Similarly, in order to support a conviction for possession of a controlled substance,

4

the Government may satisfy the "possession" prong by showing either actual or constructive possession. *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998).

In *United States v. Woodard*, 531 F.3d 1352, 1364 (11th Cir. 2008), the defendant requested a "mere presence" instruction in a case involving convictions for possession of drugs and firearms. The proposed instruction would have supported his defense that he was merely present when the drugs were delivered, rather than an active participant in a drug conspiracy. *Id.* We held that the district court's given instruction substantially covered the one he requested. *Id.* The given instruction included a definition of "knowingly" that was the same as the one given in this case. *See id.* at 1365; (R.2-91 at 20.) Further, we have held in a drug possession case that a defendant's rejected proposed instruction on mere presence was covered by a given instruction that included definitions of "constructive possession" and "actual possession" that were substantially similar to the definitions given in this case. *United States v. Rojas*, 537 F.2d 216, 219-20 n.1, 2 (5th Cir. 1976).[1]

None of the authorities cited by Jeffries in support of his argument were cases where no theory of defense instruction was requested. This court's holdings in

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*),we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

*Woodard* and *Rojas* indicate that "mere presence" and "mere association" were substantially covered by the instructions given. The instructions given included defining constructive possession as when someone "has both the power and the intention to later take control over something," and defining "knowingly" to mean "voluntarily and intentionally and not because of mistake or accident." (R.2-91 at 13, 20.) Since jurors are presumed to have followed the district court's instructions, they must not have believed that Jeffries was "merely present" because this instruction would have required them to conclude that he lacked the intent to take control over the drugs or firearms, and that he did not "voluntarily and intentionally" engage in unlawful activity. The absence of an instruction on "mere presence" and "mere association" was not error, much less plain error.

AFFIRMED.