[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10730
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-01581-RWS-LTW,
1:07-cr-0311-01-RWS-LTW-1

MARLANDOW JEFFRIES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 23, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Marlandow Jeffries appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his convictions.  This Court issued a Certificate of Appealability (COA) regarding whether Jeffries' *pro se* supplement to his 28 U.S.C. § 2255 motion to vacate was timely filed under the prison mailbox rule.[1]  After review, we conclude the district court did not err in finding that Jeffries' supplement to his § 2255 motion was untimely.

## I.  BACKGROUND

Following a jury trial, Jeffries was convicted of multiple offenses[2] and sentenced to a total of 360 months' imprisonment.  This Court affirmed Jeffries' convictions and total sentence on May 11, 2010.  *United States v. Jeffries*, 378 F. App'x 961 (11th Cir. 2010).

Jeffries filed a *pro se* § 2255 motion to vacate in May 2011.  Jeffries and a notary signed the motion on May 9, 2011.  The Government responded to Jeffries' motion on July 22, 2011.  On October 24, 2011, a magistrate judge issued a report and recommendation, recommending Jeffries' motion be denied and the case

---

[1]  This Court also issued a COA asking whether, to the extent the supplement was timely filed, Jeffries' claim of ineffective assistance of counsel raised in a later-filed counseled motion to amend related back to the supplement's ineffective assistance claim.  Because we conclude Jeffries' supplement was not timely filed, we do not address this issue.

[2]  Jeffries was convicted of the following crimes:  two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); assaulting, resisting or impeding a deputy U.S. Marshal, in violation of 18 U.S.C. § 111; and brandishing a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

dismissed.  On November 21, 2011, the district court adopted the magistrate's recommendation and denied Jeffries' motion.

Also on November 21, the court received a motion from Jeffries, dated November 4, 2011, titled "Motion for an Order Directing the Government to address Petitioner's Supplemental Claims filed on June 1, 2011."  Jeffries asserted that, on June 1, he had filed three additional claims to his § 2255 motion.  Jeffries attached his supplemental motion, which was dated June 1, 2011.  He also included a signed certificate of service, which read, "I, Marlandow Jeffries, do hereby certify under penalty of perjury [28 U.S.C. § 1746] that I have this day mailed and served the attached Supplemental 2255 Brief by depositing same in the prison legal mailbox with First Class postage affixed . . . Done this 1 day of June, 2011."

In a subsequent order, the district court noted it had no record of Jeffries' purported June 1, 2011, filing.  The court ordered an evidentiary hearing on the issue of the timeliness of Jeffries' supplemental claims because it could not resolve the issue on the record before it.  The court later appointed Jeffries counsel for the evidentiary hearing.

At the evidentiary hearing, Niambi Williams testified for the Government that she was in charge of the mailroom at U.S.P. in Atlanta.  According to Williams, every weekday morning, inmates could bring legal mail, sometimes with a return receipt, to the prison mailroom.  Later in the morning, mailroom staff

3

would take the collected inmate mail to the post office. The prison only logged or tracked legal mail if a prisoner sent it with a certified return receipt. Williams presented mailroom records for two of Jeffries' mailings, including one sent to the district court on May 11, 2011. Williams testified that she reviewed the log book for June 1, 2011, but found no entries under Jeffries' name.

On cross-examination, Williams agreed with counsel's statement that if mail was not sent "certified, there is no log that would establish that [Jeffries] did not mail it." Williams also stated that she did not know of any witness who could testify that Williams did not mail the supplemental motion on June 1, 2011.

Jeffries also testified on his own behalf at the hearing. He explained that he brought his supplemental § 2255 motion to the prison's legal mailroom on June 1, 2011, the day that he signed it. Someone else at the prison, and not Jeffries, prepared the certificate of service that accompanied the supplemental motion. A different person had helped Jeffries file his initial § 2255 motion.

On cross-examination, Jeffries testified that he does not send all of his legal mail certified return receipt, but acknowledged that he sent his original § 2255 motion with a certified return receipt. He also acknowledged that his original § 2255 motion did not include a certificate of service, but that the original and supplemental motions were "equally important." Jeffries denied that his

4

supplemental § 2255 motion was first prepared after the magistrate recommended that the court deny his original motion.

The district court concluded that none of the claims in Jeffries' supplemental motion related back to his original § 2255 motion, so the supplemental claims would be considered only if they were timely filed. The court found that, based on the "undisputed evidence" of the prison's routine practice of bringing legal mail to the post office on the day it is given to prison authorities, Jeffries did not deliver the supplemental motion on June 1. The court pointed to the fact that, despite stating the supplemental motion was important, Jeffries failed to respond to the Government's filings that did not mention the supplement or otherwise follow up on the claims. The court noted Jeffries failed to explain why he waited to follow up on the supplemental motion until after the magistrate judge's report or why he included a detailed certificate of mailing with the supplemental motion but not his initial § 2255 motion. The court thus found Jeffries' testimony incredible. The district court found that Jeffries gave the supplemental motion to prison authorities, at the earliest, on November 4, 2011, and his supplemental claims were therefore untimely.

Jeffries filed a counseled motion for reconsideration, in which he argued, *inter alia*, that the court erred by failing to place the burden of proof on the prison authorities to prove when the supplemental motion was filed. The court denied

5

Jeffries' reconsideration motion, rejecting his contention that it had improperly shifted the burden of proof, explaining it had found the Government satisfied its burden. The district court stated that its "factual finding did not rest solely on the evidence presented by [the Government] of the prison's routine mailing practices, but also on the Court's finding that [Jeffries'] testimony was not credible." Rather than shifting the burden from the Government to Jeffries, the district court "considered his testimony and the other evidence he presented . . . in finding that [the Government] proved that [Jeffries] did not timely deliver his Supplemental Filing for mailing to the Court."

Jeffries timely appealed, specifying he was appealing both the order disallowing the supplemental filing and the order denying his reconsideration motion. This Court subsequently granted Jeffries a COA.

## II.  STANDARD OF REVIEW

"In a Section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation omitted). Whether a prisoner ever delivered a legal filing to prison authorities is a question of fact, *see Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006), and we therefore review it only for clear error. Because credibility determinations are the province of the factfinder, *United States v. Ramirez–Chilel*, 289 F.3d 744, 749 (11th Cir. 2003), we give them substantial

6

deference, *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

Consequently, we generally will not disturb a credibility finding unless it is "so

inconsistent or improbable on its face that no reasonable factfinder could accept

it." *Ramirez-Chilel*, 289 F.3d at 749 (quotation omitted). Further, "[w]e review

the denial of a motion for reconsideration for an abuse of discretion." *Richardson

v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

## III.  DISCUSSION

Ordinarily, a petitioner must file his § 2255 motion within one year of the

final judgment. 28 U.S.C. § 2255(f). Jeffries did not seek a writ of certiorari from

the Supreme Court, so his judgment of conviction became final on August 9,

2010—90 days after this Court affirmed his convictions and sentence. *See United

States v. Jeffries*, 378 F. App'x 961 (11th Cir. 2010). Both parties agree that

Jeffries was required to file his § 2255 motion by August 9, 2011. Jeffries'

original § 2255 motion, filed in May 2011, was thus timely filed. As none of the

claims in Jeffries supplemental § 2255 motion "relate back" to the timely filed

original § 2255 motion, in order for his supplemental § 2255 motion to be deemed

timely, Jeffries must have filed it before August 9, 2011.[3]

---

[3]  The district court's finding that Jeffries' supplemental § 2255 does not "relate back" to his original § 2255 motion because the claims in the supplemental § 2255 do not arise from the same common set of facts as the claims in the original § 2255 motion is not within the scope of the COA. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (explaining, "in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type"

The Supreme Court established a brightline rule for prisoner *pro se* filings in *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988). *See Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*¸ 686 F.3d 1203, 1205 (11th Cir. 2012) (quotations omitted). *Houston* explained the mailbox rule applies to *pro se* prisoner litigants because a prisoner necessarily loses control of his filing when he delivers it to prison authorities. *Houston*, 487 U.S. at 275, 108 S. Ct. at 2384. In the same vein, we subsequently noted that *pro se* prisoners "are unable to file personally in the clerk's office, they cannot utilize a private express carrier, and they cannot place a telephone call to ascertain whether a document mailed for filing arrived." *Garvey*, 993 F.2d at 780. Further, beyond lacking such "safeguards," *pro se* prisoners "do not have counsel to monitor the filing process." *Id*. Ultimately, the "prisoner has no recourse other than to entrust his court filings to prison authorities over whom he has no control." *Id*.

Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it. *Glover*, 686 F.3d at 1205. We have identified "prison logs or other records" as evidence that could contradict the

---

(quotations omitted)); *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding that this Court's review is limited to issues specified in the COA).

8

signing date. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

The burden is on the Government to prove the motion was delivered to prison

authorities on a date other than the date the prisoner signed it. *See id.*

In explaining why the Government bears the burden of proof, the Supreme

Court has noted that prisons "have well-developed procedures for recording the

date and time at which they receive papers for mailing and [] can readily dispute a

prisoner's assertions that he delivered the paper on a different date." *Houston*, 487

U.S. at 275, 108 S. Ct. at 2384-85.  The Court emphasized that reference to mail

logs "will generally be a straightforward inquiry." *Id.* at 275, 108 S. Ct. at 2385.

Jeffries' supplemental § 2255 motion included a certificate of service with a

signature date of June 1.  The burden was thus on the Government to establish that

Jeffries delivered his motion on a date other than June 1, *see Washington*, 243 F.3d

at 1301, or at all, *see Allen*, 471 F.3d at 1198.

The district court did not err in finding that Jeffries did not timely file his

supplemental § 2255 motion because the Government carried its burden of

showing that it was not filed on June 1, 2011.  Unlike the situation in *Washington*,

where the Government offered "no evidence to support a conclusion that the

motion was delivered at a later date," 243 F.3d at 1301, mailroom supervisor

Williams testified that legal mail is delivered to the post office the day an inmate

brings it to the mailroom.  She also testified there was no entry under Jeffries'

name in the mailroom log book on June 1. Williams further stated the mailroom did not log or track legal mail that was sent without a certified return receipt, and Jeffries testified that he does not send all of his legal mail certified return receipt. Assuming, *arguendo*, that Williams' testimony was not enough by itself to meet the Government's burden, the other evidence upon which the district court relied, combined with Williams' testimony, was enough to meet the Government's burden. Significantly, while prison logs or other records are important evidence, and often the only evidence necessary to meet the Government's burden, we do not read *Houston* and *Washington* as establishing a rule that prison logs or other records are the *only* way the Government can meet its burden.

In addition to Williams' testimony as to the mailroom's practices and the fact there was no entry under Jeffries' name in the mailroom log book on June 1, the district court also relied on Jeffries' lack of diligence in following up on the supplemental § 2255 motion for its finding the motion was not given to prison authorities for mailing on June 1. A district court cannot negate the prison mailbox rule by finding a prisoner did not show diligence in following up on his filing *if* the prisoner actually gave the filing to prison authorities when it was dated. *Allen*, 471 F.3d at 1198. However, in deciding whether a filing was in fact ever delivered to prison authorities, a court can consider whether the prisoner exercised the diligence

"expected of a reasonable person in his circumstances" in following up on a purported filing. *Id.*

The district court also considered that Jeffries' testimony was not credible in determining the Government carried its burden of showing the supplemental § 2255 motion was not filed on June 1, 2011. Relying in part on a finding that a movant's testimony is incredible is not the same as shifting the burden from the Government to the prisoner. Rather, that Jeffries' testimony was deemed incredible further supported the district court's determination the Government carried its burden.

Moreover, the district court's credibility finding is entitled to deference and was not clearly erroneous. Jeffries' credibility on the issue of when he mailed the supplemental § 2255 motion is suspect because of the different ways he handled the original § 2255 motion and the supplemental § 2255 motion. As the district court recognized, despite stating the supplemental motion was important, Jeffries did not follow up on the fact the Government's response to his § 2255 motion focused solely on his original motion and did not mention or respond to his supplemental one. The Government's response was filed on July 22, 2011, over one and a half months after Jeffries purportedly delivered the supplemental § 2255 motion for mailing. Jeffries waited to follow up on the supplemental §2255 motion until after the magistrate judge's report recommended denying the claims

in his original § 2255 motion.  Jeffries' decision to include a detailed certificate of mailing with the supplemental motion but not his original § 2255 motion, and to send the original motion through certified mail, but not the supplemental motion, could also be weighed in the credibility analysis.  These actions, together with his self-serving testimony that he delivered the supplemental § 2255 motion to the prison mailroom on June 1, 2011, were the basis for the district court's negative credibility finding.  The district court did not clearly err in finding his testimony incredible.

The Government's evidence was competent to establish Jeffries' untimely filing.  Even if the Government did not present a mailroom log to prove when the supplemental § 2255 motion was delivered to prison authorities for mailing, the Government's evidence, including Williams' testimony of normal mailroom practices, Jeffries' lack of diligence in following up on the supplemental motion until it was recommended the original motion be denied, and Jeffries' incredible testimony, convinces us the district court did not clearly err in finding the supplemental § 2255 motion was untimely filed as it was given to prison authorities for mailing, at the earliest, on November 4, 2011.  Further, the district court did not abuse its discretion in denying Jeffries' motion for reconsideration, as the district court properly placed the burden of proof on the Government.  The district court committed no reversible error, and we affirm.

12

**AFFIRMED.**