[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10343
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20670-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL ELIAS CAMILO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 19, 2017)

Before HULL, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Saul Elias Camilo appeals his 120-month sentence for possession of a stolen firearm. On January 19, 2016, the district court sentenced Camilo to the statutory maximum ten years' imprisonment pursuant to the terms of a plea agreement and the parties' joint recommendation at the sentencing hearing. By pleading guilty, and agreeing to a 10-year sentence, Camilo avoided a charge carrying a 15-year mandatory minimum sentence. On appeal, Camilo argues that the district court improperly struck his *pro se* filings objecting to the plea agreement and the sentence. Camilo argues that the district court was required to conduct an inquiry into when he submitted the documents to correctional staff pursuant to the prison "mailbox rule."

We recognize that "[u]nder the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (quotation omitted). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it," and the "burden is on the [g]overnment to prove the [filing] was delivered to prison authorities on a date other than the date the prisoner signed it." *Id.*

Although the Supreme Court created the rule in the post-conviction context, *Houston v. Lack*, 487 U.S. 266, 268-70 (1988), we have extended it to other contexts. *See, e.g.*, *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (Federal

2

Tort Claims Act claim).  Explaining the reasoning behind the rule, we have noted that *pro se* prisoners have unique disadvantages: "*Pro se* prisoners are unable to file personally in the clerk's office, they cannot utilize a private express carrier, and they cannot place a telephone call to ascertain whether a document mailed for filing arrived. Not only do they lack these safeguards available to other litigants to ensure that their court filings are timely, but also they do not have counsel to monitor the filing process. Importantly, the *pro se* prisoner has no recourse other than to entrust his court filings to prison authorities over whom he has no control." *Id.* at 780.  Despite having extended the rule outside its original context, this Court has never applied it to a prisoner who is represented by counsel or to sentencing documents.

The local rules for the Southern District of Florida prohibit a party from acting on his own behalf while he is represented by an attorney.  S.D. Fla. R. 11.1(d)(4).  However, the district court may, in its discretion, hear a party in open court notwithstanding the fact that the party is represented.  *Id.*

Here, the district court did not abuse its discretion by striking Camilo's *pro se* filings from the record.  Camilo was represented by counsel at all times relevant to the filings.  Under the district court's local rules, represented parties are not entitled to file *pro se* pleadings.  *See* S.D. Fla. R. 11.1(d)(4).  Therefore, the district court could have struck them for this reason alone.

3

Further, Camilo's *pro se* filings were untimely because, without the benefit of the prison "mailbox rule," they were filed after the January 19, 2016 sentencing took place. The prison "mailbox rule" has never been extended to parties represented by counsel or to sentencing documents. Because he was represented by counsel, Camilo was not limited to communicating with the court through the prison staff and the postal service. *See Garvey*, 993 F.2d at 780. The mailbox rule was not intended to help prisoners with counsel, so it does not apply here. As a result, the date on the filings and the date they were turned over to prison staff are irrelevant. The only relevant date was the January 26 date the district court received the pleadings, which fell a week after the January 19 sentencing hearing. They were thus untimely. Therefore, the district court did not err by striking the filings, and we affirm.

**AFFIRMED.**