[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10855
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-24322-FAM; 1:14-cr-20345-FAM-3

MICHAEL BURKE,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 1, 2019)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Burke, a federal inmate proceeding *pro se*, appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate.  The district court, without holding an evidentiary hearing, denied Burke's motion as barred by the applicable one-year statute of limitations.  After review, we vacate and remand for further proceedings.

Burke, who is serving an 87-month prison sentence, signed and dated a *pro se* § 2255 motion on March 3, 2016.  The date stamp on the envelope in which he sent his motion indicated that it was processed through the prison mail system on October 5, 2016.  In an October 17, 2016 letter to the district court, Burke stated that he had not heard word from the court about his "§ 2255 submitted in March, 2016."  Doc. 6 at 1.[1]  Burke attached to his letter a prior letter to the court, dated June 23, 2016, in which he stated that as of that date he had not yet heard anything regarding his "§ 2255 submitted in March, 2016."  *Id.* at 2.

Without ordering a response from the government, a magistrate judge recommended that Burke's § 2255 motion be dismissed as untimely because, using the October 5, 2016 date stamped on the envelope, Burke's motion was filed more than a year after his conviction became final.  The magistrate judge acknowledged that the motion was dated March 3, 2016, but found that October 5 was the date that Burke provided the motion to prison officials for mailing.

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

2

Burke objected to the magistrate judge's report and recommendation. Along with his objection, Burke filed an affidavit in which he stated that he "personally placed into the prison mail system [his] § 2255 signed under Oath on March 3, 2016." Doc. 8 at 11. Burke also stated that he personally had seen inmates working in the mail room and delivering inmate mail in violation of prison rules, a fact that "lends credence that maybe some mail, if for some reason, doesn't go out," that piece of mail could be wrongfully in the hands of another inmate. *Id.* Burke reiterated that he sent letters to the court in June and October to be "proactive in seeking information" about his case. *Id.*

Over Burke's objection, the district court adopted the magistrate judge's report and recommendation and dismissed Burke's motion as untimely. Burke appealed, and this Court granted him a certificate of appealability on whether the district court erred in dismissing his motion as time-barred without an evidentiary hearing or a response from the government.

We review *de novo* the dismissal of a § 2255 motion as time-barred. *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007). As relevant here, Burke was required by statute to file his motion within one year of "the date on which the judgment of conviction bec[ame] final." 28 U.S.C. § 2255(f)(1). Burke's conviction became final on March 17, 2015. *See* Fed. R. App. P. 4(b)(1)(A). He therefore had until March 17, 2016 to file a § 2255 motion. If Burke filed his

3

motion on March 3, 2016—the date on which his motion was signed—then his motion was timely.

Under the prison mailbox rule, an inmate's *pro se* § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Absent evidence to the contrary, we presume that a movant delivered his motion to prison authorities on the date he signed it. *Id.* The government bears the burden of proving that the motion was delivered to prison authorities on a different date. *Id.*

On appeal Burke argues that the district court erred in dismissing his motion as untimely. He contends that the court's conclusion that he filed his motion in October 2016 violated the prison mailbox rule's presumption of filing upon delivery to prison authorities. He says that presumption should be honored because he swore under oath that he delivered his motion to prison authorities on March 3, 2016, swore that he had observed violations of prison mailroom policy, and included in the record two letters mailed between March and October 2016 in which he inquired into the status of his motion. In any event, Burke argues, the government has presented no evidence to rebut the prison mailbox rule's presumption. The government agrees that the district court erred, acknowledging that the prison mailbox rule gave rise to a presumption that Burke's motion was filed on March 3 and that the government lacked an opportunity to meet its burden

to overcome that presumption.  Thus, the government argues, we should vacate and remand for further proceedings.

We agree with both parties.  Burke was entitled to a presumption that he delivered his § 2255 motion for filing on March 3, 2016.  He also presented evidence in support of that presumption via his affidavit and the June and October letters to the court.  The government has not rebutted the presumption.  Thus, the district court erred in finding, without hearing from the government or holding an evidentiary hearing, that the presumed filing date should not apply and that the October 5, 2016 date—which would render Burke's motion untimely—should instead apply.  Thus, we vacate the district court's dismissal of Burke's § 2255 motion and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**