[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-11976

Non-Argument Calendar

————————————

GLENMORE POOLE,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01983-KKM-AEP

_____

Before  JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  Although Glenmore Poole's motion for reconsideration was timely to toll the time to appeal from the district court's March 31, 2023 final judgment until its resolution, the district court denied the motion on May 9, 2023.  Thus, the 30-day statutory time limit required Poole to file a notice of appeal on or before June 8, 2023.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  However, he did not file a notice of appeal until June 9, 2023, which is the date he provided the notice to prison officials for mailing.  *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Further, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6).  Accordingly, the notice of appeal cannot invoke our appellate jurisdiction.  *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.