[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12557

Non-Argument Calendar

_____

PRINCE TOBURAS JERMAINE ROLLE,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:21-cv-00473-GAP-RMN,
6:09-cr-103-GAP-GJK-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Prince Rolle appeals the district court's May 4, 2023, judgment denying his counseled 28 U.S.C § 2255 motion. Despite being represented by counsel, Rolle filed the notice of appeal *pro se*, and he signed and dated it July 21, 2023. The statutory time limit required him to file the notice on or before July 3, 2023, 60 days after the district court's judgment was entered. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). The notice of appeal, deemed filed on July 21, 2023, is therefore untimely, and we lack jurisdiction. *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Additionally, Rolle is not entitled to relief under Rule Federal Rule of Appellate Procedure 4(a)(6). Although Rolle alleges that he did not personally receive notice of the court's judgment, the clerk was required to serve notice on his attorney, and there is no indication that his counsel did not receive notice. *See* Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c); Fed. R. Civ. P. 77(d), 5(b).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.