[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-12656

Non-Argument Calendar

————————————

ARTEZ J. SIMMONS,

Petitioner-Appellant,

*versus*

WARDEN,
GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:15-cv-00473-TCB

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Artez Simmons, a state prisoner proceeding *pro se*, appeals the district court's June 26, 2023, order denying his motion for relief under Fed. R. Civ. P. 60(b)(6). The statutory time limit required him to file his notice of appeal by July 26, 2023. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). The notice of appeal, deemed filed on August 5, 2023, which is the date Simmons certified that he mailed it from prison, is therefore untimely. *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

Additionally, there is no basis for relief under Rule 4(a)(6) because Simmons received notice of the court's order exactly 21 days after the entry of the order. *See* Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c). Therefore, we lack jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.