[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13555

Non-Argument Calendar

_____

ELGIN LAMONTE BELL,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cv-01688-RBD-EJK

2                    Opinion of the Court                    23-13555

_____

Before JORDAN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required Elgin Bell to file a notice of appeal from the district court's February 14, 2020 final judgment on or before March 16, 2020. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). However, under the prison mailbox rule, Bell did not file his notice of appeal until October 19, 2023. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (noting that a *pro se* prisoner's notice of appeal is deemed filed on the date that he delivered it to prison authorities for mailing). Further, there is no basis in the record for relief under Federal Rule of Appellate Procedure 4(a)(6). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.