[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11133

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TOMMY R. FINDLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:17-cr-80226-RLR-1

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional question, we conclude that this appeal is untimely. Tommy Findley, proceeding *pro se*, filed a notice of appeal on March 31, 2023. *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Although unclear, it appears that Findley is challenging his underlying criminal conviction. However, his notice of appeal is untimely to challenge his conviction and any other district court orders, as it was filed more than 14 days after the last order the district court entered prior to the filing of the notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A).

And because the government has objected to Findley's untimely appeal, we must apply the time limits of Federal Rule of Appellate Procedure 4(b). *See United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009) (holding that we must apply Rule 4(b)'s 14-day time limit when the government objects to an untimely notice of appeal). Additionally, because Findley filed his notice of appeal more than 30 days after the expiration of the 14-day appeal period for any of the district court's orders, he is not eligible for relief under Rule 4(b)(4). *See* Fed. R. App P. 4(b)(4) (providing that, upon a finding of excusable neglect or good cause, the district court may extend the time to file a notice of appeal for up to 30 days); *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983) (noting that we customarily treat a late notice of appeal, filed within

the 30 days during which an extension is permissible, as a motion for extension of time under Rule 4(b)(4) and remand to the district court).  Further, to the extent that Findley is challenging his judgment of conviction, the appeal is duplicative, and, thus, not properly before us, as he has already appealed the judgment.  *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (noting that a party "must ordinarily raise all claims of error in a single appeal following final judgment on the merits"); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1551-52 (11th Cir. 1986) (noting that we have inherent administrative power to dismiss duplicative litigation to avoid wasting judicial resources).

Accordingly, this appeal is DISMISSED.