[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10404

Non-Argument Calendar

_____

KETWON WESTMORELAND,

                                     Petitioner-Appellant,

*versus*

WALTER BERRY,

                                     Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02465-LMM

_____

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required Ketwon Westmoreland to file a notice of appeal from the district court's July 14, 2023 final judgment on or before August 14, 2023. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, Westmoreland did not file a notice of appeal until January 26, 2024, which is the date it is deemed filed under the prison mailbox rule. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

Further, the record contains no basis for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6) because Westmoreland did not move to extend or reopen the appeal period or indicate in his notice of appeal that he failed to receive formal notice of the entry of judgment. *See* Fed. R. App. P. 4(a)(5) (providing that a party may move to extend the time for filing a notice of appeal within 30 days of entry of final judgment); *id*. R. 4(a)(6)(A) (providing that the court may reopen the time to file an appeal for a period of 14 days where a party does not receive notice of the entry of the judgment). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.