[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11761

Non-Argument Calendar

_____

MAJOR ANTHONY CLARK,

Plaintiff-Appellant,

*versus*

TELFAIR SP WARDEN,
MRS. GRIFFIN,
Lieutenant at Telfair S.P.,
MR. WRIGHT,
CERT Ofc.,
MR. RIVERA,
Cert Ofc. at Telfair S.P. individually and
in their official capacities,

2                    Opinion of the Court                    24-11761

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 3:23-cv-00104-DHB-BKE

_____

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required Major Clark to file a notice of appeal from the district court's March 26, 2024 judgment on or before April 25, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, Clark did not file a notice of appeal until May 9, 2024. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining the prisoner mailbox rule).

Further, the record contains no basis for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6). *See* Fed. R. App. P. 4(a)(5) (providing that a party may move to extend the time for filing a notice of appeal within 30 days of entry of final judgment); *id*. R. 4(a)(6)(A) (providing that the court may reopen the time to file an appeal for a period of 14 days where a party does not receive notice of the entry of the judgment). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

24-11761               Opinion of the Court               3

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.