[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 24-12331

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRIL KINCHEN,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20119-DMM-4

————————————

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Terril Kinchen's notice of appeal, deemed filed on June 10, 2024, indicated that Kinchen appeals the district court's judgment entered on June 7, 2024. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (noting that a *pro se* prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing, but if that date is unknown and there is not contrary evidence, the notice is deemed filed on the date he delivered the filing on the day that he signed it). However, the district court did not enter any order or judgment on June 7, 2024. Accordingly, Kinchen's notice of appeal fails to designate an existing order or judgment, and we lack jurisdiction over his instant appeal. *See* Fed. R. App. P. 3(c)(1); *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (providing that a notice of appeal is ineffective to appeal a contemplated future order or judgment that does not exist at the time the notice of appeal is filed, unless the decision or order was already announced).

Kinchen has separately appealed the district court's June 28, 2024 order denying his motion for compassionate release, and that appeal is proceeding in Appeal No. 24-12337.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.