[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13533

Non-Argument Calendar

_____

JORDASH TANKSLEY,

                                        Petitioner-Appellant,

*versus*

AUGUSTA SMP WARDEN,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:23-cv-00029-JRH-BKE

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Jordash Tanksley, a Georgia state prisoner proceeding *pro se*, appeals from the district court's final order and judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. This appeal arises from Tanksley's filing of a petition for writ of certiorari, which he provided to prison authorities on September 4, 2024, for mailing to the United States Supreme Court and to the district court. He subsequently mailed a copy of the petition to us, and we construed it as a notice of appeal and transmitted it to the district court to be docketed as such.

This appeal is untimely. The statutory time limit required Tanksley to file a notice of appeal on or before July 24, 2024, which was 30 days after the district court entered its second amended judgment on June 24, 2024. *See* Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(1), 4(a)(7)(A). However, Tanksley did not file the construed notice of appeal until, at the earliest, September 4, 2024, the date on which he provided it to prison authorities for mailing to the United States Supreme Court and to the district court. *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (noting that a *pro se* prisoner's notice of appeal is deemed filed on the date that he delivered it to prison authorities for mailing).

Additionally, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6).

24-13533                Opinion of the Court                    3

Accordingly, the construed notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time).

All pending motions are DENIED as moot.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.