[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11752

Non-Argument Calendar

_____

DAVID DUSSARD,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:22-cv-00149-SPC-NPM

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. On May 17, 2024, David Dussard, a Florida state prisoner proceeding *pro se*, filed an amended notice of appeal from the judgment dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus. He stated that he unsuccessfully attempted to file a notice of appeal on April 23, 2024.

This appeal is untimely. The statutory time limit required Dussard to file a notice of appeal on or before August 7, 2023, which was 30 days after the district court entered judgment on July 7, 2023. *See* Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(7)(A). However, Dussard did not file the instant notice of appeal until, at the earliest, April 23, 2024, the date on which he claims to have first attempted to file the notice. *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (noting that a *pro se* prisoner's notice of appeal is deemed filed on the date that he delivered it to prison authorities for mailing).

Additionally, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time).

24-11752                Opinion of the Court                3

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.