[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13568

Non-Argument Calendar

_____

FABIAN WOODS, JR.,

Plaintiff-Appellant,

*versus*

GEORGIA,

Defendant,

STATE OF GEORGIA,

Defendant-Appellee.

2                     Opinion of the Court                     24-13568

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-02647-MHC

_____

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Fabian D. Woods, Jr., was required to file a notice of appeal from the district court's August 28, 2024, order and judgment dismissing his complaint by September 27, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, his notice of appeal was not deemed filed until October 16, 2024. *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that, under the prison mailbox rule, if the date on which a prisoner delivered his notice of appeal to prison authorities for mailing is not known, and absent contrary evidence, we assume that the prisoner delivered his notice to the authorities on the date he signed it). Accordingly, Woods's notice is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.