[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10979

Non-Argument Calendar

_____

SHAUN PATRICK STEWART,

Plaintiff-Appellant,

*versus*

SUMTER COUNTY FLORIDA,
In their Individual and Official Capacity,
BILL FARMER,
Sheriff, In their Individual and Official Capacity,
FNU REID,
Captain, In their Individual and Official Capacity,
FNU STRICKLAND,
Lieutenant, In their Individual and Official Capacity,
FNU HAYES,

2                    Opinion of the Court                    25-10979

Lieutenant, In their Individual and Official Capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00495-JLB-PRL

_____

Before ROSENBAUM, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Shaun Stewart, a jail inmate proceeding *pro se*, filed a single notice of appeal in seven district court actions. In the notice, deemed filed on March 18, 2025, Stewart stated that he appeals the district court's dismissal of his cases and denial of appointment of counsel. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (noting that a *pro se* prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing, but if that date is unknown and there is not contrary evidence, the notice is deemed filed on the day that he signed it).

However, the notice of appeal was filed before the district court entered, in this case, the final order and judgment dismissing the case without prejudice and the order denying Stewart's motion

25-10979              Opinion of the Court                    3

to appoint counsel.  Accordingly, Stewart's notice of appeal in this case fails to designate an existing order or judgment, and we lack jurisdiction over this appeal.  *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to final decisions of the district courts); Fed. R. App. P. 3(c)(1) (providing that a notice of appeal must, *inter alia*, designate the judgment—or the appealable order—from which the appeal is taken); *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (providing that a notice of appeal is ineffective to appeal a contemplated future order or judgment that does not exist at the time the notice of appeal is filed, unless the decision or order was already announced).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.