[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12582

Non-Argument Calendar

_____

MOUSSA DIARRA,

Plaintiff-Appellant,

*versus*

RODNEY CROMARTLE,
JOHN DOE,
Staff,
DBHDD,
GEORGIA REGIONAL HOSPITAL,
DEVON SIMPSON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02377-WMR

_____

Before ROSENBAUM, JILL PRYOR, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required Moussa Diarra, a state prisoner proceeding *pro se*, to file a notice of appeal from the district court's June 26, 2024 order denying his motions for postjudgment relief on or before July 26, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Diarra's notice of appeal, however, was not deemed filed, under the prison mailbox rule, until July 31, 2024. *See* Fed. R. App. P. 4(c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Further, to the extent Diarra also seeks to appeal the district court's underlying February 19, 2021 order and judgment dismissing his action, the notice of appeal is untimely. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.