[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11053

Non-Argument Calendar

_____

FABIAN WOODS, JR.,

Petitioner-Appellant,

*versus*

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-00500-MHC

_____

2                        Opinion of the Court                    25-11053

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.

Fabian Woods appeals from a magistrate judge's report and recommendation ("R&R") that the district court dismiss his 28 U.S.C. § 2254 petition without prejudice. Because the R&R had not been adopted by the district court at the time Woods filed the notice of appeal, the R&R was not final and appealable, and we lack jurisdiction to review it. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *Perez-Priego v. Alachua Cty. Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998) (holding that a magistrate judge's R&R that has not been adopted by the district court is not final and appealable); *see also Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (noting that a *pro se* prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing, but if that date is unknown and there is not contrary evidence, the notice is deemed filed on the date he signed it). Although the district court subsequently adopted the R&R, this does not cure the premature appeal. *See Perez-Priego*, 148 F.3d at 1273.

Nevertheless, upon review of the record below, the district court is DIRECTED to transmit to this Court Woods's filing titled "Objections," docketed as a "Notice of Filing Objections," as a notice of appeal from the district court's March 20, 2025, final order

25-11053                Opinion of the Court                3

and judgment dismissing Woods's § 2254 petition without prejudice. We construe that filing as a timely notice of appeal from the final order and judgment. *See Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that a document may be construed as a notice of appeal when (1) the document serves the functional equivalent of a notice of appeal, and (2) the document "specifically indicate[s] the litigant's intent to seek appellate review"); *Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by [Fed. R. App. P.] 4 gives the notice required by [Fed. R. App. P.] 3, it is effective as a notice of appeal."). Upon receiving that construed notice of appeal from the district court, the Clerk shall open a new appeal.

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.