[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-11885

Non-Argument Calendar

_____

ORLANDO JEFFERSON,

Petitioner-Appellant,

*versus*

THE STATE,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-00559-VMC

_____

2                        Opinion of the Court                  25-11885

Before JILL PRYOR, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Orlando Jefferson, a state prisoner proceeding *pro se*, filed a notice of appeal that we liberally construe as challenging the district court's April 2, 2025, order and judgment dismissing his construed 28 U.S.C. § 2254 petition. *See* Fed. R. App. P. 3(c)(7) ("An appeal must not be dismissed for informality of form or title of the notice of appeal . . . ."); *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that we liberally construe the requirements of Rule 3); *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (explaining that we liberally construe *pro se* filings).

However, the notice, deemed filed on May 24, 2025, under the prison mailbox rule, is untimely. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), (c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (explaining that, in civil cases, the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction).