**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-13192

Non-Argument Calendar

————————————————

KENNETH JAMAL SHERMAN,

*Plaintiff-Appellant,*

*versus*

J. W. CAPUTO,
OFFICER KEITH,

*Defendants-Appellees,*

A. JOHNS, et al.,

*Defendants.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-00664-BJD-MCR

————————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Kenneth Sherman Jr., an inmate proceeding pro se, filed a document titled, "Appealing this case and trying to Appeal it to the Best of my ability," which we liberally construe as a notice of appeal designating the district court's July 25, 2025 judgment. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (explaining that we liberally construe pro se filings); Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"); *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that we liberally construe the requirements of Rule 3). The notice of appeal is deemed filed on September 9, 2025, under the prison mailbox rule. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that a pro se prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing, but if that date is unknown and there is not contrary evidence, the notice is deemed filed on the day that he signed it).

The September 9 notice of appeal is untimely to appeal the July 25 judgment, as the 30-day statutory time limit required Sherman to file a notice of appeal challenging the judgment by August 25. *See* 28 U.S.C. § 2107(a) (providing that, in civil cases where there is not a federal party, a notice of appeal must be filed within 30 days after the entry of the order or judgment appealed from); Fed. R. App. P. 26(a)(1)(C) (providing that, if the final day of an appeal period falls on a holiday or weekend, the final day to appeal becomes the next day that is not a holiday or weekend). And the district court denied Sherman's construed motion to extend or

25-13192                Opinion of the Court                3

reopen the appeal period.  *See* Fed. R. App. P. 4(a)(5)-(6).  Therefore, we lack jurisdiction over Sherman's appeal.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (explaining that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.