[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11099

Non-Argument Calendar

_____

BENJAMIN BOSTON,

Plaintiff-Appellant,

*versus*

HARALSON COUNTY JAIL, et al.,

Defendants,

SGT. GATES,
Officer,
OFFICER CODY GOODMAN,
OFFICER AVERY SAVAGE,
OFFICER RODNEY ROBINSON,

2                     Opinion of the Court                     23-11099

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:21-cv-00102-TCB

————————————

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Benjamin Boston, a *pro se* prisoner, appeals the district court's *sua sponte* dismissal, without prejudice, of his complaint against jail officials for failure to comply with the court's orders and for failure to prosecute. He also appeals the district court's denial of his motion for reconsideration of that dismissal order.

Mr. Boston filed suit under 42 U.S.C. § 1983 against three jail officials and the Haralson County Jail on July 1, 2021. He alleged that while an inmate at the Jail in Georgia, Officers John Doe, Jane Doe, and Sergeant Gates tazed him six times and pepper sprayed him even though he was compliant and handcuffed behind his back. Mr. Boston asserted violations of the First, Eighth, and Fourteenth Amendments.

On July 20, 2021, the magistrate judge granted Mr. Boston leave to proceed *in forma pauperis* and ordered him to file an amended complaint containing the addresses of all defendants or

other identifying information for them, such as physical characteristics. On August 11, 2021, Mr. Boston amended his complaint and identified the defendants as Sgt. Gates, a Black woman; Officer John Doe, a white man; and Officer Jane Doe, a white woman. All were employed at the Jail. In October of 2021, the district court dismissed the Eighth Amendment claims and the claims against the Jail, but allowed excessive force claims under the Fourteenth Amendment to proceed against the officers. As to the two officers that Mr. Boston named fictitiously, the district court reasoned that Mr. Boston could uncover their names through discovery.

The U.S. Marshals Service was unable to serve Sgt. Gates at the Jail on December 28, 2021, because she no longer worked there. That kicked off an over one year back and forth between the magistrate judge and Mr. Boston. In that time, the magistrate judge ordered Mr. Boston on multiple occasions to provide an address for Sgt. Gates. Mr. Boston would respond that he could not obtain the information because he was incarcerated. He instead tried to point the Marshals Service in the right direction and moved the court to compel the Jail staff to provide Sgt. Gates' address. Mr. Boston also amended his complaint once more to raise excessive force claims against Officers Cody Goodman, Avery Savage, and Rodney Robinson (Officers Goodman and Savage were the Doe defendants from the initial complaint). Eventually, though, Mr. Boston ran into trouble because he stopped timely responding to the magistrate judge's orders and could not, despite the multiple extensions, come up with Sgt. Gates' address.

On December 6, 2022, the district court adopted the magistrate judge's report, which recommended dismissing without prejudice Mr. Boston's second amended complaint for failure to comply with the court's orders and failure to prosecute. The district court rejected Mr. Boston's explanation that the Jail had been "playing with people[s'] mail" because it found the timing suspicious given the numerous other instances in which Mr. Boston timely made other filings. Even setting that aside, the district court explained, Mr. Boston had not offered an excuse for failing to provide Sgt. Gates' address. The district court concluded that "[i]f Plaintiff has the addresses for the Defendants, he is invited to file a new complaint and include the Defendants' addresses." D.E. 55 at 8.

In a motion for reconsideration, Mr. Boston again argued that he mailed his filings on a timely basis and was entitled to the benefit of the "Mail-Box Rule." The district court again rejected Mr. Boston's argument.[1]

This timely appeal followed.

We review for abuse of discretion a district court's decision to dismiss a complaint for failure to follow a court order and/or for failure to prosecute. *See Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017) (failure to follow court order);

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (quotation marks omitted). Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it. *See id.*

*Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (failure to prosecute).

A dismissal without prejudice for failure to comply with court orders generally does not constitute an abuse of discretion because the affected party may simply refile. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not an abuse of discretion). But when a dismissal "has the effect of precluding [an] appellant from refiling his claim due to the running of the statute of limitations," the dismissal is "tantamount to a dismissal *with* prejudice," and must be reviewed as such. *See Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (emphasis added).[2]

This is one of those cases where a dismissal without prejudice is in effect a dismissal with prejudice. The district court dismissed Mr. Boston's second amended complaint without prejudice. Mr. Boston's § 1983 claims, however, were subject to Georgia's two-year statute of limitations for personal injury claims. *See Mullinax v. McElhenney*, 817 F.2d 711, 716 n.2 (11th Cir. 1987). The injuries Mr. Boston complained of—injuries arising out of an alleged beating by jail guards—occurred on July 5, 2020. Thus, the statute of limitations on his § 1983 claims ran on July 5, 2022—about five months before the district court's order of dismissal. Mr. Boston timely initiated this action on July 1, 2021. The complaint that was

---

[2] Because it was decided by the former Fifth Circuit prior to October 1, 1981, *Burden* is binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

dismissed was almost certainly his only opportunity to vindicate an alleged violation of his federal rights.

Dismissals with prejudice are "sanction[s] of last resort," appropriate "only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). To *sua sponte* dismiss a case with prejudice, a district court must "[1] find[ ] a clear record of delay or willful conduct and [2] that lesser sanctions are inadequate to correct such conduct." *Id.* (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005)).

Here we are primarily concerned with the second requirement. Although the requisite finding need not be explicit, *see Zocaras*, 465 F.3d at 484, the district court failed to make any finding that lesser sanctions would be inadequate to correct the offending conduct. In fact, the district court seemed to indicate the opposite by stating that "[i]f Plaintiff has the addresses for the Defendants, he is invited to file a new complaint and include the Defendants' addresses." D.E. 55 at 8.[3]

---

[3] We assume, without deciding, that there is a clear record of delay or willful conduct by Mr. Boston. We take a moment, however, to note that when the court grants a pro se prisoner leave to proceed *in forma pauperis*, as was the case here, the officers of the court must "issue and serve all process." *See* 28 U.S.C. § 1915(d). Under those circumstances, "it is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." *Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010). After all, prison officials are not likely to provide inmates with the locations where officers are employed. All the prisoner-litigant must do to establish good cause under Fed. R.

23-11099                Opinion of the Court                7

Given that the district court believed Mr. Boston could simply refile his complaint, it is unclear whether it would have nevertheless dismissed Mr. Boston's case. Accordingly, we vacate and remand this case for proceedings not inconsistent with this opinion.

In closing, we add one more observation. The district court dismissed Mr. Boston's second amended complaint, and in that pleading Mr. Boston had named three officers who worked at the Jail. Two of them—Officers Goodman and Savage—were defendants who had previously been named as Officers Jane Doe and John Doe. Even if dismissal might have been appropriate as to Sgt. Gates, it is unclear as to why the entire second amended complaint should have been dismissed when the Doe defendants were identified by name.

**VACATED AND REMANDED.**

---

Civ. P. 4(m) is provide "enough information to identify the prison-guard defendant" so that the court-appointed agent can locate the guard with "reasonable effort." *See id.* at 740 (vacating and remanding dismissal for district court to determine whether prison-guard defendant could be located with "reasonable effort").