[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13380

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAMON BLANCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:07-cr-20756-WPD-4

_____

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Ramon Blanco appeals from the district court's July 18, 2024, order denying his motion for compassionate release and October 1, 2024, order denying his motion for reconsideration. *See Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) ("*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."). The government filed a motion to dismiss Blanco's appeal in part and for summary affirmance in part.

The government's motion to dismiss in part is GRANTED because Blanco's notice of appeal, deemed filed October 11, 2024, is untimely to appeal from the district court's July 18, 2024, order. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that, under the prison mailbox rule, a notice of appeal mailed by a *pro se* prisoner through the prison mail system is deemed filed on the date that they deliver it to prison authorities for mailing); Fed. R. App. P. 4(c)(1), (b)(1)(A) (providing that, in criminal cases, a defendant must file a notice of appeal within 14 days after the entry of the order or judgment being appealed); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (explaining that motions for sentence reduction under 18 U.S.C. § 3582(c)(2) are "criminal in nature"). Additionally, Blanco's notice of appeal was filed more than 30 days after the expiration of the initial 14-day appeal period, so he is not eligible for an extension of time. *See* Fed. R. App. P. 4(b)(4)

(providing that the district courts can "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)); *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009).

Further, Blanco's motion for reconsideration is deemed filed on September 19, 2024, which was too late for it to toll the time to file a notice of appeal. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that, if the date a *pro se* prisoner delivers a filing to prison authorities is not known, and absent contrary evidence, we assume that the prisoner delivered the filing to the authorities on the date he signed it); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012); *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992) (explaining that motions for reconsideration must be filed within the time allowed to file a notice of appeal, meaning defendants must file such motions within 14 days after the underlying order or judgment, for them to have tolling effect). Accordingly, because the government raised the issue of timeliness, we must apply Rule 4(b)(1)(A) and dismiss Blanco's appeal from the district court's July 18, 2024, order. *See Lopez*, 562 F.3d at 1314.

As for the October 1, 2024, order denying Blanco's motion for reconsideration, from which Blanco timely appealed, the government's motion for summary affirmance in part is GRANTED because the government's position is clearly correct as a matter of law. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th

Cir. 1969)[1] (explaining that summary disposition is appropriate where, among other reasons, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id*. We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015).

Under § 3582(c)(1)(A), as modified by the First Step Act, a district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, a district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. Under § 1B1.13(b)(1), there are four circumstances based on a defendant's medical circumstances that qualify as extraordinary and compelling reasons: (A) the defendant suffers from a terminal illness; (B) the defendant suffers from a serious medical condition that substantially diminishes his ability to provide self-care in a correctional facility and from which he is not expected to recover; (C) the defendant suffers from a medical condition requiring long-term or specialized care that is not being provided and without which he is at risk of serious deterioration in his health or death; and (D) the defendant is housed at a correctional facility affected by an ongoing outbreak of an infectious disease or ongoing public death emergency, the defendant is at an increased risk of suffering severe medical complications resulting from exposure to the ongoing infectious disease or public health emergency, and such risk cannot be adequately mitigated in a timely manner. U.S.S.G. § 1B1.13(b)(1)(A)-(D). Section 1B1.13 also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the other specific examples listed. *Id.* § 1B1.13(b)(5). "[R]ehabilitation of the defendant is not, by itself,

an extraordinary and compelling reason for purposes of this policy statement," but it may be considered in combination with other circumstances.  *Id.* § 1B1.13(d).

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence.  18 U.S.C. § 3553(a).  The district court need not address each of the § 3553(a) factors or all the mitigating evidence, and the weight given to any § 3553(a) factor is committed to the discretion of the district court.  *Tinker*, 14 F.4th at 1241.  An acknowledgment that the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient.  *Id.* at 1240-41 (quotation marks omitted).  At a minimum, we must be able to understand from the record how the district court arrived at its conclusion, including the applicable § 3553(a) factors upon which it relied.  *United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021).  If we cannot tell whether a district court weighed the relevant factors, then we cannot tell whether the district court abused its discretion and, consequently, we must vacate and remand.  *Id.* at 1184-85.  And the district court abuses its discretion as to its consideration of the § 3553(a) factors when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear

24-13380                Opinion of the Court                7

error of judgment in considering the proper factors." *Tinker*, 14 F.4th at 1241 (quotation marks omitted).

Here, the government's position is clearly correct as a matter of law because the district court did not abuse its discretion in finding that Blanco failed to demonstrate an extraordinary and compelling reason for compassionate release and denying his motion for reconsideration. *See Groendyke*, 406 F.2d at 1162. Blanco is 62 years old and has not shown to our Court or the district court that any of his medical conditions are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the Bureau of Prisons. Blanco's argument regarding the district court's alleged miscalculation of his guideline range, amounting to impermissible double-counting, does not fit within the § 1B1.13 policy statement. Neither do Blanco's efforts towards furthering his education, improving himself, and being a "model inmate" fit, by themselves, into the policy statement as an extraordinary and compelling reason for compassionate release.

Additionally, the district court did not abuse its discretion in finding that the § 3553(a) factors did not warrant a sentence reduction. The district court explicitly considered the § 3553(a) factors and explained that the requested relief would not promote respect for the law or act as a deterrent, and the sentence imposed was necessary to protect the public from further criminal activity, given the nature and circumstances of Blanco's egregious criminal conduct. We do not second guess the weight given to the § 3553(a) factors

where, as here, the district court's decision to deny relief was reasonable.

Accordingly, because the government's position is clearly correct as a matter of law so that there can be no substantial question as to the outcome of this case, we grant the government's motion for summary affirmance in part. *See Groendyke*, 406 F.2d at 1162.

**DISMISSED IN PART, AFFIRMED IN PART**.